MICHAEL RADWANSKI, PLAINTIFF, v. SCOTTISH UNION AND NATIONAL INSURANCE COMPANY, DEFENDANT.

Submitted June 5, 1924—Decided November 24, 1924.

1. In a suit on an insurance policy for loss occasioned by fire, a general denial of liability by the insurer is evidence of a waiver of its right to require the insured to furnish proof of loss in compliance with a provision of the policy requiring proof thereof, unless such denial is based, at least in part, upon the failure of the insured to comply with that particular provision.

2. Where an insurance policy contains a provision that, in the event of loss by fire, the insured shall furnish the insurer with a certificate either by a magistrate or a notary public, if required by the insurer, that such officer had examined the circumstances of the fire and believed that the insured had honestly sustained loss to an amount named therein, a certificate made by either of such officers complies both with the spirit and letter of the provision.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Joseph T. Lieblich.*

Contra, *Edmund A. Hayes.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This suit was instituted to recover upon a policy of insurance issued by the defendant company in August, 1921, covering goods, wares and merchandise belonging to the plaintiff, and located in his store in Middlesex borough, New Jersey, which were destroyed or damaged by fire occurring in the building during the running of the policy. The trial of the action resulted in a verdict in favor of the plaintiff, his damages being assessed at $695.64. A rule to show cause having been allowed the defendant, we are now asked to set aside the verdict upon

several grounds stated in the reasons filed, the principal contention before us being that the court committed judicial error in refusing a nonsuit.

The first ground upon which the motion to nonsuit was rested, and which is argued before us, is that the proofs showed that the plaintiff had failed to comply with a condition in the policy which was precedent to his right to recover, in that he had neglected to separate the damaged and undamaged property which was in the store at the time of the fire. The refusal to nonsuit upon this ground was proper, for the reason that there was no proof in the case that any of the personal property which was in the store at the time of the fire had not been damaged thereby.

The second ground upon which the motion to nonsuit was granted was that the plaintiff had failed to file a proof of loss satisfactory to the defendant. It is not denied that the proof actually filed contained a detailed statement of all the loss occurring to the personal property which was claimed by the plaintiff to have been caused by the fire, but it is said that it also contained proof of damage to the building in which these goods were located, the building also having been covered by a policy issued by the defendant company. It is, at least, doubtful, in our opinion, whether the proof of loss did not comply with the requirement of the policy, notwithstanding that it covered elements of damage not covered thereby; for it is to be remembered that the ordinary person taking out insurance is neither an insurance expert nor a trained lawyer, and all that he naturally would expect was required of him would be to furnish in the proof of loss a full statement of the damage covered by the policy or policies issued to him by the company. But, even if be considered that the proof of loss did not comply with the provision of the policy, the motion to nonsuit for this particular reason was properly refused. The defendant had denied any liability under the policy, and there was no proof that the denial was based upon the failure of the plaintiff to comply with this particular provision in the policy. In the absence of such proof, the denial is evidence of a waiver of the de-

fendant's right to require such compliance (*State Insurance Co.* v. *Maackens*, 38 *N. J. L.* 564), and the question of waiver *vel non* must be settled by the jury.

The next ground upon which the motion to nonsuit was rested was that the plaintiff had failed to comply with the demand of the defendant to furnish a certificate of a magistrate living nearest to the place of the fire, stating that he had examined the circumstances and believed the insured had honestly sustained loss to the amount that such magistrate should certify. The argument is that, by the terms of the policy, the defendant was entitled to this certificate. But this is not the fact. The policy provides that a certificate of this character, either of a magistrate or notary public, shall be furnished, if required by the defendant; and the plaintiff had already furnished such a certificate as the policy required, prepared by and certified to by a notary public, and, having done this, had discharged the full obligation imposed upon him by the policy in this regard. Counsel for the defendant seems to think that the choice of the one or the other of these two officials rested with his client. We think not. The insured, by furnishing the certificate either of a notary or a magistrate, complies, not only with the spirit, but with the very letter of the policy provision.

The last ground upon which the motion to nonsuit was rested was that the plaintiff was barred of his right of action because of his failure to comply with a demand made upon him by the defendant for an appraisal of the value of the goods and chattels destroyed or damaged by the fire, the contention being that the policy required compliance with such a demand when made by the insurer. But this is not the fact. The policy only provides for an appraisal "in the event of disagreement as to the amount of loss," and there is nothing in the proofs to suggest that there was any dispute between the parties over this matter.

Our conclusion is that there was no error on the part of the trial judge in refusing to nonsuit the plaintiff for any of the reasons which have been discussed.

There was a motion to direct a verdict, rested upon the same grounds already discussed herein. This motion was refused, and properly so, as, we think, for the reasons which we have given.

The only other grounds for making the rule absolute are based upon the assertion that the verdict is excessive, and that there was error in the charge of the court. We find nothing of substance in either of these contentions.

The rule to show cause will be discharged.